IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BERTHEL FISHER & COMPANY FINANCIAL SERVICES, INC., et al.,<br><br>　　　　　　Defendants. | Civil Action No.  14-cv-00418-RJB<br><br>**JOINT STATUS REPORT PER ORDER DATED DECEMBER 22, 2014 (Dkt. 91)** |

　　　　Plaintiff James R. Zazzali, Trustee of the DBSI Private Actions Trust ("PAT") and Defendant DeWaay Financial Network LLC ("DeWaay") hereby submit this jointly prepared status report pursuant to the Court's Order dated December 22, 2014 (Dkt. 91).  DeWaay is the only defendant remaining in this action, as all other defendants have been dismissed.

　　　　As alleged in the Complaint filed on July 14, 2011, the Trustee brought this securities action under the Securities Exchange Act of 1934 on behalf of members of the PAT who purchased or otherwise acquired securities in one or more DBSI-created investment offerings from DeWaay in what turned out to be nothing more than a classic Ponzi scheme that collapsed in November 2008 when ninety-three (93) DBSI related entities filed petitions for bankruptcy. (Dkt. 1, at para. 2).  On or about January 9, 2012, two separate putative non opt-out class actions were commenced in the Iowa District Court for Decatur County against DeWaay, DeWaay Capital Management, Inc. DFN Partners, LLC and Donald G. DeWaay, Jr. (collectively, the

"DeWaay Defendants") with respect to a multitude of securities, including DBSI securities, that were sold by the DeWaay Defendants.[1]

By order dated May 31, 2013, the District Court of Decatur County, Iowa, granted class certification, approved a non opt-out limited fund settlement with respect to all investors, including DBSI investors, who invested through any of the DeWaay Defendants and barred and permanently enjoined any and all claims against the DeWaay Defendants. (May 31, 2013 Order, at ¶10). The Court's May 31, 2013 Order encompasses the claims at issue in the within action. A copy of the Court's May 31, 2013 Order is attached as <u>Exhibit A</u> hereto.

The Court's May 31, 2013 Order was appealed to the Supreme Court of Iowa, Supreme Court No. 13-1007. The matter was transferred by the Supreme Court of Iowa to the Court of Appeals of Iowa. By order dated March 25, 2015, the Court of Appeals ruled that the Iowa District Court abused its discretion in approving the non-opt-out limited-fund class certification for purposes of settlement and remanded the matter to the District Court for further proceedings. A copy of the Court of Appeals March 25, 2015 Order is attached as <u>Exhibit B</u> hereto. Thereafter, the DeWaay Defendants petitioned the Iowa Supreme Court to review the findings of the Court of Appeals. By order dated June 26, 2015, the Supreme Court denied the request for further review. A copy of the Supreme Court's June 26, 2015 Order is attached as <u>Exhibit C</u> hereto.

On June 30, 2015, the Intervenors in the Iowa action filed a Motion to Lift the Stay, so as to permit them to proceed with arbitration. On July 14, 2015, the Iowa Plaintiffs and the DeWaay Defendants filed a Joint Motion for an Evidentiary Hearing on Remand Regarding the Limited Nature of Settlement Fund and Re-Certification of the Class. On July 24, 2015, the

---

[1] The actions are captioned *Edgerton v. DeWaay Financial Network, LLC,* LACV 006033 and *Mosher v. DeWaay Financial Network, LLC, et al.,* LACV 006034, both in the Iowa District Court for Decatur County.

Trustee filed a Motion to Intervene in the Iowa action and likewise filed opposition to the Motion for an Evidentiary Hearing.  The Plaintiffs and DeWaay Defendants have opposed the Motion to Lift the Stay and the Intervenors have opposed the Motion for an Evidentiary Hearing.  Opposition to the Trustee's Motion to Intervene is due to be filed in early August.  The parties are presently working with the Court to schedule a hearing date on all pending motions.

 The Trustee intends to file a motion to lift the stay in the within action as well as a motion to amend the complaint to assert additional claims and to name additional parties, including Donald DeWaay, Jr. in his individual capacity.

 Counsel of record for DeWaay has advised its contact at DeWaay of the need to retain Idaho counsel in this action, and anticipates DeWaay doing so by the end of this week.  DeWaay will coordinate with this newly retained Idaho counsel on defending this action.

Dated:  July 26, 2015

| | |
|---|---|
| **DUKE SCANLAN & HALL, PLLC**<br><br>By: /s/ Keely E. Duke<br>Keely Duke, Esq. (Idaho Bar No. 6044)<br>1087 W. River Street<br>Suite 300<br>Boise, Idaho 83707<br>Telephone:  (208) 901-5020<br>Facsimile:  (208) 342-3299<br>E-mail:  ked@dukescanlan.com<br><br>**GIBBONS P.C.**<br><br>By: /s/ Debra A. Clifford<br>Debra A. Clifford, Esq. (Idaho Bar No. 9029)<br>One Gateway Center<br>Newark, NJ 07102<br>Telephone:  (973) 596-4843<br>Facsimile:  (973) 639-6498<br>Email: dclifford@gibbonslaw.com<br><br>*Counsel to James R. Zazzali, Trustee for the DBSI Private Actions Trust* | **BUCHANAN INGERSOLL & ROONEY P.C.**<br><br><br>*/s/ Geoffrey G. Grivner*<br>Geoffrey G. Grivner, Esq. (Bar No. 4711)<br>1105 N. Market Street, Suite 1900<br>Wilmington, Delaware 19801<br>Telephone: (302) 552-4207<br><br>Facsimile: (302) 552-4295<br>Email: geoffrey.grivner@bipc.com<br><br>*Counsel to Defendant DeWaay Financial Network LLC* |
| | |