Keely E. Duke  - ISB #6044
Kevin A. Griffiths - ISB #8187
DUKE SCANLAN & HALL, PLLC
P.O. BOX 7387
Boise, Idaho 83707
Telephone: (208) 342-3310
Facsimile: (208) 342-3299
ked@dukescanlan.com
kag@dukescanlan.com

Debra A. Clifford, Esq. ISB #9029
Jason Halpin, admitted *Pro Hac Vice*
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
dclifford@gibbonslaw.com
jhalpin@gibbonslaw.com

Attorneys for Plaintiff

Samuel Y. Edgerton, III, admitted *Pro Hac Vice*
Theodore C. Peters - ISB #5478
Sabryne Coleman, admitted *Pro Hac Vice*
EDGERTON &WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, CA 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
sedgerton@edgertonweaver.com
tpeters@edgertonweaver.com
scoleman@edgertonweaver.com

Attorneys for Defendants,
DeWaay Financial Network, LLC, DeWaay
Financial Network, Inc., DFN Partners, LLC and
Donald G. DeWaay, Jr.

Charles Wiegert
926 Timber Creek Drive
Lewisville, TX 75067
Tel: (214) 529-6552
cdwieg1604@gmail.com
*Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DEWAAY FINANCIAL NETWORK, LLC, et al.,<br><br>　　　　　Defendant. | Case No. 1:14-cv-00418-RJB<br><br>**JOINT STATUS REPORT** |

　　　　Pursuant to the Court's Order Setting Initial Deadlines dated August 28, 2015, the parties submit this Joint Status Report and Discovery Plan.  Counsel for the parties participated in a

telephonic meet and confer concerning the contents of this joint report. Where agreement on content could not be reached, the separate positions of the parties are set forth.

   1. **A statement of the nature and complexity of the case.**

   This is a highly complex case arising from the 2008 bankruptcy of DBSI Inc. and multiple related entities (collectively "DBSI"). DBSI was formerly in the business of, among other things, developing and marketing real estate related investments. DBSI's principal place of business was in Idaho.

   On various dates beginning November 6, 2008, management of DBSI caused many of the DBSI entities to file voluntary petitions for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court").

   On April 14, 2009, the Delaware Bankruptcy Court approved the appointment of an Examiner. The Examiner issued interim and final reports on August 3, 2009 and October 19, 2009, respectively, certain portions of which reports are set forth in Plaintiff's First Amended Complaint in the related action *Zazzali v. Swenson, et al.*, 11-CV-00224 (the "Insider Damages case").

   By Order dated September 11, 2009, the Delaware Bankruptcy Court approved the U.S. Trustee's appointment of James R. Zazzali as trustee in DBSI's jointly administered chapter 11 bankruptcy cases. Thereafter, Trustee Zazzali and the Committee of Unsecured Creditors in the bankruptcy case proposed a Second Amended Joint Chapter 11 Plan of Liquidation for certain DBSI debtors (Del. Bankr., Case No. 08-12687 (PJW), Doc. No. 5699, the "Plan"). By Order dated October 26, 2010, the Bankruptcy Court confirmed the Plan ((Del. Bankr., Case No. 08-12687 (PJW), Doc. No. 5924 the "Confirmation Order"). The Plan and Confirmation Order created, inter alia, two distinct trusts: the DBSI Estate Litigation Trust and the Private Actions Trust (the "PAT").

   Thereafter, certain creditors and equity interest holders of DBSI and certain of its affiliated Chapter 11 debtors, as well as non-debtor affiliates and subsidiaries, assigned their individual claims to the PAT in exchange for beneficial interests therein. Pursuant to the Plan, certain investors who purchased DBSI securities from broker-dealers and registered representatives voluntarily assigned their personal Non-Estate Causes of Action against those broker-dealers and registered representatives, and their control persons, to the PAT. This action asserts claims against the Defendants that have been assigned by certain of those investors to the PAT. The Plaintiff in this action is James R. Zazzali, the Trustee of the PAT, who is tasked with pursuing the causes of action assigned to the PAT on behalf of the PAT beneficiaries, the claims of four of whom are at issue in this case.

   The First Amended Complaint alleges that the DBSI enterprise was a financial

house of cards propped up by the consistent influx of cash from new investors with the aid of Defendants DeWaay Financial Network, LLC and DeWaay Financial Network, Inc. (collectively, "DeWaay"),[1] who sold securities issued by DBSI and its related entities to investors who assigned their claims to the PAT. This new investor money was used to pay off old investors. The First Amended Complaint alleges that DeWaay was more than a bystander. It alleges that DeWaay represented that it had a reasonable basis to believe that the DBSI securities were suitable for purchase. It alleges that having made such a representation, DeWaay was obligated to conduct an adequate due diligence investigation into the investments it sold, as well as the issuer of the securities. It alleges that DeWaay was also obligated to confirm the accuracy of the representations contained in the private placement memoranda ("PPMs") associated with each investment regarding the financial strength of DBSI and its affiliates. It is alleged that DeWaay was also obligated to follow up on any adverse information that might reasonably be construed as a "red flag."

The First Amended Complaint alleges that despite its representations that it had a reasonable basis to believe the DBSI securities were suitable, DeWaay failed to conduct an adequate due diligence investigation. In particular, it is alleged that DeWaay failed to investigate numerous red flags contained in the PPMs, and did not disclose those red flags to the investors. Based on these allegations, the First Amended Complaint pleads causes of action for securities fraud pursuant to §10(b), Rule 10b-5, and various state securities laws, common law fraud, negligence, and breach of fiduciary duty. The First Amended Complaint further alleges that Defendants DFN Partners, LLC, Donald G. DeWaay, Jr., Charles Weigert, and Larry W. Raudebaugh (collectively, the "Control Person Defendants") either had the power to direct the management and policies of DeWaay or nevertheless served as managing partners, executive officers, or directors of DeWaay. Therefore, the Amended Complaint alleges, the Control Person Defendants are jointly and severally liable under state blue sky laws for the fraud committed by DeWaay.

As for their part, the DeWaay Defendants deny the allegations contained in the First Amended Complaint. The DeWaay Defendants allege that at all material times they acted reasonably in their role as the broker-dealer and registered representatives who participated in the marketing and sale of DBSI investments. Contrary to the allegations of the First Amended Complaint, the DeWaay Defendants did not act with some nefarious motive or even with a reckless disregard of the interests of the investing public. While DBSI may have ultimately failed, the DeWaay Defendants contend that such failure was not reasonably foreseeable notwithstanding the DeWaay Defendants' reasonable and appropriate due diligence efforts. To the extent there was any wrongdoing that caused the failure of DBSI, the DeWaay Defendants assert that the same was

---

[1] As alleged in the First Amended Complaint, DeWaay Financial Network, LLC, and DeWaay Financial Network, Inc. merged on February 28, 2007, and DeWaay Financial Network, Inc. was the surviving entity. Am. Compl. 18.

caused internally, within the confines of the DBSI infrastructure, and could not reasonably have been detected by the DeWaay Defendants.

2.  **A proposed deadline for joining additional parties.**

Within 6 months after the final determination on Defendants' motions to dismiss.

3.  **Assignment of this case to a United States Magistrate Judge.**

No.

4.  **A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Federal Rule of Civil Procedure (FRCP) 26(f)(3), which includes the following topics:**

  (A)  initial disclosures (including if they have been exchanged);

Pursuant to the Order Setting Initial Deadlines, the parties exchanged Initial Disclosures on December 8, 2015.

  (B)  subjects, timing, and potential phasing of discovery;

The parties believe that merits discovery should precede expert discovery. The parties agree that the subjects on which discovery may be needed include DeWaay's process for approving offerings for sale, DeWaay's conduct of due diligence relating specifically to the investments at issue, DeWaay's communications with DBSI and its affiliates, DeWaay's communications with investors, DeWaay's communications and relationships with third-party due diligence providers, DBSI's and its affiliates' conduct with regard to offering the securities at issue, DBSI's accounting and other business practices, DeWaay's awareness of DBSI's accounting and other business practices, as to the DBSI investments at issue and generally, and the Control Person Defendants' power to control DeWaay's operations and their exercise of that power.

The parties propose to exchange their respective proposed, comprehensive discovery plans 21 days after the final determination of Defendant's motions to dismiss, and submit to the Court a proposed joint plan 35 days after the final determination of Defendant's motions to dismiss. In the meantime, a number of discovery issues that the parties expect will be addressed in the proposed joint plan (including the proposed deadline for completion of discovery) are discussed below.

  (C)  electronically stored information (including whether the parties have agreed on ESI protocol and storage);

The parties shall confer and recommend a plan for the exchange of ESI by February 1, 2015.

4

    **(D)**    **privilege issues;**

No such issues are presently foreseen.  See, however, paragraph 4(F) below.

    **(E)**    **proposed limitations on discovery; and**

The parties do not presently foresee any changes or additions to the limitations imposed under the federal rules or local rules.

    **(F)**    **the need for any discovery related orders.**

The parties intend to submit a stipulated "claw-back" order pursuant to Fed. R. Evid. 502(d) and (e) governing the treatment of potentially privileged documents and electronically stored information.

5.    **The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on the following topics:**

    **(A)**    **prompt case resolution;**

The parties are in favor of the prompt resolution of this matter.

    **(B)**    **alternative dispute resolution;**

The Trustee takes the position that mediation may be appropriate, and that the appropriate time would be after Defendants have filed their answers.  Furthermore, the Trustee takes the position that mediation be before Judge Stephen M. Orlofsky, a retired judge from the U.S. District Court for the District of New Jersey who is now of counsel to Blank Rome LLP, a law firm with offices in Philadelphia and Princeton, New Jersey.  Judge Orlofsky has successfully overseen a minimum of 15 mediations between the Trustee and various broker-dealers and due diligence providers, and he is conversant with the background of DBSI and the issues being litigated herein.

The DeWaay Defendants agree that mediation may be appropriate.  However, they do not agree that mediation should be attempted as soon as the answers are on file.  Rather, at least as far as the DeWaay Defendants are concerned, mediating the case before at least some basic discovery has been accomplished would be premature.

    **(C)**    **related cases;**

This case is one of five cases brought by the Trustee against various broker-dealers and registered representatives who sold securities issued by DBSI, along with the owners, officers, and directors of certain broker-dealers.  The five cases are captioned as follows:

1.	*Zazzali v. Advisory Group Equity Services, Ltd.*, et al., Case No. 1:14-cv-00415-RJB (D. Idaho)

2.	*Zazzali v. AFA Financial Group, et al.*, Case No. 1:14-cv-00422-RJB (D. Idaho)

3.	*Zazzali v. Alexander Partners LLC, et al.*, Case No. 1:14-cv-00419-RJB (D. Idaho)

4.	*Zazzali v. Berthel Fisher & Company Financial Services, Inc., et al.*, Case No. 1:14-cv-418-RJB (D. Idaho)

5.	*Zazzali v. Finance 500, Inc.*, Case No. 8:15-cv-00503-JVS-JCG (C.D. Cal.)

Plaintiff Zazzali, as Trustee of the DBSI Private Actions Trust and DBSI Estate Litigation Trust, has other actions pending against various third parties arising out of the DBSI bankruptcy.  Specifically:

•	*Zazzali v. Swenson, et al.*, 12-cv-00224 (MJP) and *Zazzali v. Swenson, et al.*, 13-cv-00086 (MJP) -- actions bringing common law and avoidance claims against certain DBSI Insiders (the Trustee has settled with all but two defendants against whom default judgments have been entered);

•	*Zazzali v. Goldsmith*, Adv. Proc. No. 12-06056 (U.S. Bankruptcy Court, District of Idaho) -- avoidance action against a real estate developer in the Boise, Idaho area, to avoid and recover approximately $28.8 million in transfers of the Debtors' property made pursuant to a real estate purchase and sale agreement;

•	*Zazzali v. Dana Purdy, Vicky Purdy, et al.*, Adv. Proc. No. 10-55334 (U.S. Bankruptcy Court, District of Delaware).  The Trustee sued Dana and Vicky Purdy to avoid and recover approximately $12 million in transfers of the Debtors' property made pursuant to two real estate purchase and sale agreements for properties.  The action is presently stayed so as to permit settlement discussions;

•	*Zazzali v. Douglas Swenson, et al.*, Adv. Proc. No. 13-cv-00086-MJP (United States District Court, District of Idaho) -- avoidance action to avoid and recover approximately $22 million in transfers of the Debtors' property made pursuant to tax payments.  The action has settled against the individual defendants, with the exception of Douglas Swenson against whom a default judgment was entered.

•	*Zazzali, as Trustee for the Debtors' Jointly- v. Perraud et al*; 10-54457, *Zazzali, as Trustee for the Debtors' Jointly- v. Ted Yanak Insurance, et al*, 10-54996 (U.S. Bankruptcy Court, District of Delaware) - these are a series of small preference/fraudulent transfer actions.  The parties are in active settlement negotiations.

6

    **(D)**    discovery management;

The Trustee has participated in discovery in a multitude of actions pending in this Court as well as in the Delaware District and Bankruptcy Courts without the assistance of a Special Master. At present, the Trustee does not see the need for the appointment of a Special Master.

Based upon the limited information presently known to them, the DeWaay Defendants concur that there appears to be no need for the appointment of a Special Master.

    **(E)**    anticipated discovery sought;

See paragraph 4(B) above.

    **(F)**    phasing motions;

The Trustee does not foresee the need for phasing motions. The DeWaay Defendants agree.

    **(G)**    preservation of discoverable information;

Counsel have taken steps to ensure that the parties, including each PAT claimant, preserve all discoverable information.

    **(H)**    privilege issues;

No such issues are presently foreseen. See, however, paragraph 4(F) above.

    **(I)**    **Model Protocol for Discovery of ESI; and**

See 4(C), above.

    **(J)**    **alternatives to Model Protocol.**

See 4(C), above.

**6.**    **The date by which discovery can be completed.**

Twenty months after the Court's Order on the Motions to Dismiss.

**7.**    **Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The Trustee takes the position that bifurcation is not necessary. Unlike the Trustee, the DeWaay Defendants have not participated in years of litigation in the

related cases. Accordingly, the DeWaay Defendants reserve their right to request bifurcation.

8. **Whether the pretrial statements and pretrial order should be dispensed with in whole or in part for the sake of economy.**

The parties have not yet formed an opinion as to whether the pretrial statements and pretrial order should be dispensed with in whole or in part. The parties will be in a better position to make such an assessment at the close of discovery and will so advise the Court at that time.

9. **Whether the parties intend to utilize any ADR options.**

See paragraph 5(B) above.

10. **Any other suggestions for shortening or simplifying the case.**

None at present.

11. **The date the case will be ready for trial.**

Twenty-four months after the Court's Order on the Motions to Dismiss.

12. **Whether the trial will be jury or non-jury.**

Jury.

13. **The number of trial days required.**

The parties expect the trial of this matter to take 15-20 days.

14. **The names, addresses, and telephone numbers of all trial counsel.**

The names, addresses and telephone numbers of all trial counsel are listed on page one, above the caption.

15. **The dates on which trial counsel may have complications to be considered in setting a trial date.**

The Trustee's trial counsel is presently scheduled for (1) a 15-day jury trial in *Zazzali v. Advisory Group Equity Services* starting on October 3, 2016; (2) a 15-day jury trial in *Zazzali v. Alexander Partners, LLC* starting on January 3, 2017; and (3) a 5-7 day jury trial in *Zazzali v. Finance 500, Inc.* starting on April 25, 2017. Counsel for the DeWaay Defendants currently have no calendaring conflicts for 2017 forward.

16. **If, on the due date of the Report, all defendant(s) or respondent(s) have not**

**been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

The Trustee has served all current parties with the exception of Larry W. Raudebaugh. This week the Trustee will be filing a motion to extend the time to serve Mr. Raudebaugh.

17. **Whether any party wishes to have a scheduling conference before the Court enters a scheduling order in the case.**

The parties do not wish to have a scheduling conference.

18. **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1**

The Trustee is not a corporate party. Counsel for the DeWaay Defendants submitted the appropriate disclosure statement contemporaneously with the filing of their Motion to Dismiss on November 6, 2015.

DATED this 15th day of December, 2015.

                         **GIBBONS P.C.**

                         By  /s/ Debra A. Clifford
                         Debra A. Clifford
                         Jason R. Halpin, *Pro Hac Vice*

                                 And

                         **DUKE SCANLAN & HALL, PLLC**

                         By   /s/ Keely E. Duke
                             Keely E. Duke

                         Attorneys for Plaintiff


                         EDGERTON &WEAVER, LLP


                         By:  /s/ Samuel Y. Edgerton, III
                         Samuel Y. Edgerton, III, admitted *Pro Hac Vice*
                         Theodore C. Peters - ISB #5478
                         Sabryne Coleman, admitted *Pro Hac Vice*

                         Attorneys for Defendants,
                         DeWaay Financial Network, LLC, DeWaay
                         Financial Network, Inc., DFN Partners, LLC and
                         Donald G. DeWaay, Jr.


                         /s/ Charles Wiegert
                         Charles Wiegert

#2266643 v1
110223-71677

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of December, 2015, a true and correct copy of the foregoing was filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing :

| | |
|---|---|
| Keely E. Duke<br>DUKE SCANLAN & HALL, PLLC<br>ked@dukescanlan.com<br>*Attys for Plaintiff*<br><br>Debra A. Clifford<br>Jason R. Halpin<br>GIBBONS P.C.<br>dclifford@gibbonslaw.com<br>jhalpin@gibbonslaw.com<br>*Attys for Plaintiff* | Samuel Y. Edgerton, III,<br>Theodore C. Peters<br>Sabryne Coleman,<br>EDGERTON &WEAVER, LLP<br><br>Attorneys for Defendants,<br>DeWaay Financial Network, LLC, DeWaay Financial Network, Inc., DFN Partners, LLC and Donald G. DeWaay, Jr.<br>sedgerton@edgertonweaver.com<br>tpeters@edgertonweaver.com<br>scoleman@edgertonweaver.com<br><br>Charles Wiegert, *Pro Se*<br>cdwieg1604@gmail.com |

    /s/ Keely E. Duke_____
Keely E. Duke

#2266643 v1
110223-71677